IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABUBACAR TOURE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-2623 |
| | : | |
| J.L. JAMISON, *Warden, FDC* | : | |
| *Philadelphia, In his official capacity*, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                      **April 23, 2026**

Petitioner Abubacar Toure brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement (ICE). He argues his mandatory detention without a bond hearing is unlawful. Because 8 U.S.C. § 1225(b)(2) does not apply to noncitizens like Mr. Toure who entered the United States years ago and were later arrested in the interior, the Court will grant his petition.

**BACKGROUND**

Mr. Toure is a citizen of Guinea. Pet. § 1, Dkt. No. 1. He entered the United States without inspection in November 2023 and presented himself to U.S. Customs and Border Protection (CBP) at a port of entry shortly thereafter. *Id.* § 2; Gov't Opp'n 4, Dkt. No. 5. He was subsequently issued a Notice to Appear (NTA), instructed to comply with his immigration court hearings and ICE reporting requirements, and released into the United States. Pet. § 3; Gov't Opp'n 4. Mr. Toure filed a timely asylum application on July 2, 2024, obtained work authorization, and complied with his immigration proceedings and ICE reporting obligations. Pet. §§ 4, 6.

On April 20, 2026, more than two years after his release into the United States, ICE detained Mr. Toure at a scheduled check-in at the Philadelphia Field Office and transferred him to the Federal Detention Center in Philadelphia, where he remains. Pet. § 3; Gov't Opp'n 4. He filed

this petition the next day. The Government contends Mr. Toure is detained under 8 U.S.C. § 1225(b)(2)(A) because, as an "applicant for admission," he remains "seeking admission" until he is formally admitted or his removal proceedings conclude. Gov't Opp'n 3-4.

**DISCUSSION**

This case turns on a statutory question this Court and many others in this District have already resolved against the Government: whether a noncitizen who entered without inspection years ago and is later arrested in the interior remains an alien "seeking admission" within the meaning of § 1225(b)(2)(A). The Government acknowledges courts in this District have rejected its interpretation, though it continues to press that position here. Gov't Opp'n 3.

In *Ndiaye v. Jamison*, this Court held that "§ 1226 applies to noncitizens . . . who have been residing in the country, while § 1225 is reserved for newly arriving noncitizens." No. CV 25-6007, 2025 WL 3229307, at *8 (E.D. Pa. Nov. 19, 2025). Every judge in this District to address the issue has reached the same conclusion. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025); *Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468 (E.D. Pa. Mar. 10, 2026).

Mr. Toure's present detention did not occur at or near the border or during an ongoing inspection process. He had been living in the United States since 2023 and was arrested years later at a routine ICE check-in inside the United States. On these facts, his detention is governed by § 1226(a), not § 1225(b)(2)(A). Because the Government offers no basis for Mr. Toure's present detention other than § 1225(b)(2)(A), his current detention is unlawful.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for a Writ of Habeas Corpus and order his immediate release. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

3